**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YING LI,<br><br>               Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>               Respondent. | No. 15-71145<br><br>Agency No. A099-966-855<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 5, 2018
Pasadena, California

Before:  W. FLETCHER, BERZON, and OWENS, Circuit Judges.

Ying Li ("Li"), a native and citizen of China, petitions for review of a final

order of removal by the Board of Immigration Appeals ("BIA").  The BIA denied

Li's applications for asylum and withholding of removal under the Immigration

and Nationality Act ("Act") and for protection under the Convention Against

           *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Torture ("CAT"). 8 U.S.C. §§ 1158(b)(1)(A), 1231(b)(3)(A); 8 C.F.R. §§ 1208.16-1208.18. The BIA determined Li was not credible as to her claim of past persecution under China's population control policy. The BIA also determined that Li was not credible as to her claim of political persecution, and that, even if she were credible, she had not established past persecution on account of a protected ground. We have jurisdiction under 8 U.S.C. § 1252(b). We grant the petition and remand.

We review asylum-related determinations, including credibility determinations, for substantial evidence. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). In doing so, we consider whether the determination below is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). We reverse only if the evidence compels a contrary conclusion. *Singh v. INS*, 134 F.3d 962, 966 (9th Cir. 1998). "[O]ur review 'is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted.'" *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006).

To establish eligibility for asylum based on past persecution, Li "must show: (1) an incident, or incidents, that rise to the level of persecution; (2) that is 'on account of' one of the statutorily-protected grounds; and (3) is committed by the

2

government or forces the government is either 'unable or unwilling' to control."

*Mengstu v. Holder*, 560 F.3d 1055, 1058 (9th Cir. 2009) (quoting *Navas v. INS*,

217 F.3d 646, 655–56 (9th Cir. 2000)).

*Persecution under Population Control Policy*

The BIA failed to provide specific and cogent reasons for upholding the IJ's

adverse credibility finding as to Li's forced abortion claim. *See Alvarez-Santos v.*

*INS*, 332 F.3d 1245, 1254 (9th Cir. 2003). The BIA and IJ based their adverse

credibility findings, in part, on an inaccurate reading of the record. *Del Valle v.*

*INS,* 776 F.2d 1407, 1412 (9th Cir. 1985). Li testified that, in 1986, after

becoming pregnant a second time, her work unit ordered her to have an abortion.

Li further testified that "cadres" forcibly took her from work and drove her to the

hospital, where she was tied to a table for the procedure. The IJ concluded that Li

was not credible because she provided insufficient reasons as to why "she did not

mention the abortion procedure during the medical history process prior to the

removal of [her] IUD," twenty years later in the United States. However, the only

evidence in the record to support this claim is a zero with a horizontal line through

it beside "surgeries" on the medical history form completed by Dr. Erik Chan, who

removed her IUD. Even if one assumes that the notation reflects Li's failure,

3

during a procedure to remove an IUD, to characterize an abortion as a "surgery" (rather than her doctor's characterization), the characterization does little to support an adverse credibility finding. Many—perhaps most—women would not call an abortion to mind when asked about "surgery" in general. The IJ also found the record lacked corroborating evidence of Li's forced abortion. However, Li's forced abortion claim is somewhat corroborated by the gynecologist's note that the IUD he removed was 20 years old — reflective of the 1986 date of its insertion after the abortion to which she testified. Given Li's consistent testimony and statements regarding her abortion, as somewhat corroborated by her medical record, the BIA's adverse credibility determination was not supported by substantial evidence. We therefore grant the petition for review and remand Li's forced abortion claim for consideration of whether Li is eligible for asylum or withholding of removal, and for the exercise of discretion by the Attorney General. *See INS v. Ventura*, 537 U.S. 12, 16-17 (2002) (per curiam).

*Persecution for Imputed Political Beliefs*

The BIA found that Li's claim of political persecution was not credible, because it was a "material omission" from two of her three asylum statements. *See Zamanov v. Holder*, 649 F.3d 969, 973–974 (9th Cir. 2011). The BIA made a

4

mistake of fact. The record shows Li's initial asylum application notes "political opinion" as one of her grounds for relief, indicates that she has been "accused, charged, arrested, detained, interrogated, convicted and sentenced, or imprisoned" in China, and notes that she is afraid of being subjected to torture in China upon return. We therefore reverse the BIA's adverse credibility determination for this claim. *Singh*, 134 F.3d at 966.

Persecution is "the infliction of suffering or harm upon those who differ (in race, religion, or political opinion) in a way regarded as offensive." *Kovac v. INS,* 407 F.2d 102, 107 (9th Cir.1969). Li adduced substantial evidence to show that her arrest, detention, and physical assault rose to the level of persecution. Li testified that she and other laid-off workers were arrested for organizing and participating in a pro-labor protest outside of a government compound. Li testified that during her interrogation, police slapped her in the face several times, kicked her to the ground, and repeatedly punched her in the thighs, chest and head. *Guo v. Ashcroft*, 361 F.3d 1194, 1203 (9th Cir. 2004) (holding that detainment and beating could constitute persecution). Li was then detained in solitary confinement for 15 days, with no judicial process, and received just two meals a day. After her husband paid 5,000 RMB, police released Li under "surveillance," requiring that she appear at the station when called or face imprisonment. Li was also forced to

sign a "letter of promises," stating that she would not "organize," "make trouble," or "disrupt any social order" in the future.  Following Li's release, a doctor noted bruises on her cheeks, arms, legs and signs of a concussion.

We remand for the BIA to consider, in light of this court's intervening authority, *Xinbing Song v. Sessions*, 882 F.3d 837 (9th Cir. 2017), whether substantial evidence supports Li's claim of persecution on account of the statutorily-protected ground of her imputed political beliefs.  For Li to establish a requisite nexus between the harm she experienced and her imputed political opinion, Li must show: "(1) that [s]he held, or [her] persecutors believed that [s]he held, a political opinion; and (2) that [s]he was harmed because of that political opinion." *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir.2010) (citing *Navas*, 217 F.3d at 656).

Li testified to the motivation of her alleged persecutors through both direct and circumstantial evidence.  *See Elias-Zacarias*, 502 U.S. at 483.  Chinese police officials detained and assaulted Li for "organizing a riot" and "disrupt[ing] social order," after she participated in a protest that took place in front of a government compound.  Li testified that she explained to the police that she was protesting at "the municipal government" "for the sake of [her] life," and that she was "not an unlawful element."  Police still proceeded to assault her.

6

The IJ found that Li and other protestors were arrested because they were obstructing access to a government office, and not on account of actual or imputed political opinion or any other protected ground. However, in light of *Song*, we remand for the IJ and BIA to take into account the "full spectrum of [Li's] actions." 882 F.3d at 842–843 (holding "the IJ and BIA took a very narrow view of what could qualify as an actual political opinion in the asylum context.").

*CAT Claim*

We also remand Li's CAT claim for the BIA to provide a reasoned explanation of its decision. *See Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). Under CAT's implementing regulations, the BIA must consider all evidence of country conditions to determine the likelihood that an applicant would be tortured. *Madrigal v. Holder*, 716 F.3d 499, 508–09 (9th Cir. 2013); *see also* 8 C.F.R. § 1208.16(c)(3). The BIA did not indicate whether it considered the State Department Report describing prominent custodial torture in China when it denied Li protection under CAT. *See Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) ("[T]he BIA [is] not free to ignore arguments raised by a petitioner."). We therefore instruct the BIA on remand to provide a reasoned explanation for its

decision on Li's CAT claim.  *See Zhiqiang Hu v. Holder*, 652 F.3d 1011, 1020 (9th Cir. 2011).

**PETITION GRANTED and REMANDED.**